**SO ORDERED.**

**SIGNED this 28 day of January, 2009.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

COURTNEY B. WILLIAMS and
DEENA L. WILLIAMS,                                Case No. 08-02284-8-JRL

    Debtors.


JAMES B. ANGELL, Chapter 7
Trustee for Courtney B. Williams
and Deena L. Williams,                            Adversary Proceeding No.
                                                  08-00099-8-JRL
    Plaintiff,

  v.

WILLIAM R. ECHOLS, TRUSTEE
and WELLS FARGO BANK, N.A.,
BENEFICIARY Under that Certain
Deed of Trust recorded at Book 2199,
page 477, Brunswick County Register
of Deeds,

    Defendants.

_____

## ORDER

This case came before the court on the trustee's motion for summary judgment filed on

July 21, 2008. On December 4, 2008, the court conducted a hearing on this matter in Raleigh, North Carolina.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## UNDISPUTED FACTS

1. On November 12, 2004, Capital Improvements of NC, LLC deeded certain property located at 108 Sellers St., Oak Island, North Carolina "to Courtney Williams and wife Deena L. Williams."

2. On July 27, 2005, Courtney Williams executed a note in the amount of $650,000.00 and deed of trust in favor of defendant William R. Echols, as trustee for the benefit of Wells Fargo Bank, N.A. ("Wells Fargo"). This deed of trust ("Deed of Trust") purported to convey the debtors' rights in the Oak Island property and was recorded in Book 2199, page 477, of the Brunswick County Register of Deeds ("Deed of Trust").

3. Wells Fargo prepared the note and Deed of Trust.

4. The Deed of Trust identifies the borrower as "Courtney B. Williams, a Married Person." In addition, the Deed of Trust contains a signature line for "Courtney B. Williams," above which Mr. Williams provided his signature.

5. Deena L. Williams' name is not listed in the note or Deed of Trust, and she did not

execute either.

6. On April 3, 2008, the debtors filed a Chapter 7 bankruptcy petition.

7. On May 19, 2008, the debtors' 341 meeting was held. At this meeting, Mr. Williams testified that he left his wife off the loan documents with Wells Fargo because she did not have any income.

8. On June 30, 2008, James B. Angell, Chapter 7 trustee for the debtors ("Trustee"), filed a complaint against William Echols, trustee, and Wells Fargo ("Defendants") to determine the validity, priority and extent of the Deed of Trust.

9. On July 21, 2008, the Trustee filed a Motion for Summary Judgment.

10. Subsequent to the Trustee's Motion for Summary Judgment, both parties filed memoranda of law in support of their positions. In addition, affidavits were filed by Douglas W. Baxley, a certified specialist in residential real property law; Louise Phelps, Vice President of Loan Documentation with Wells Fargo; and, the Trustee.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.

Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## **ANALYSIS**

Under bankruptcy law, the trustee becomes a hypothetical bona fide purchaser of real property. 11 U.S.C. § 544(a)(3). As such, the trustee may avoid a claim against the debtor's estate if a bona fide purchaser without actual knowledge would have defeated the claim at the commencement of the case. <u>Id</u>. The court, therefore, must determine if the manner in which the deed of trust was executed by Courtney B. Williams allows the trustee to avoid the bank's claim.

When property is owned in tenancy by the entirety, neither spouse may convey or encumber such property without the written joinder of the other spouse. N.C. GEN. STAT. §39-13.6(a). In this case, Courtney B. Williams and his wife, Deena Williams, own the property as tenants by the entirety. A deed of trust to Wells Fargo Bank, however, was signed only by Mr. Williams. That Mr. Williams was identified on the deed of trust as married does not indicate that Deena Williams was a party to the transaction. Mrs. Williams' signature was absent not only from the deed of trust, but her name failed to appear anywhere in the document, and she did not sign the referenced note or closing statement. There is, therefore, no evidence of record that Mrs. Williams intended to enter into a written joinder.

The defendants argue that the deed of trust is valid because the trustee should have been on constructive notice of the mistake omitting the female debtor. This argument is based on the affidavit of Douglas W. Baxley, a licensed attorney and North Carolina Board Certified Specialist in Residential Real Property Law. In his affidavit, Baxley states that, "In connection

with any search of title to the Subject Real Property that I performed as of the Petition Date, I would have reported the existence of the Deed of Trust...[and] a reasonably diligent searcher would have found the same." Affidavit of Douglas W. Baxley at 5 number 12-14, Angell v. Echols (Bankr. E.D.N.C. 2008).

Registration of an improperly acknowledged deed, however, provides no notice. New Home Building Supply Co., Inc. V. Nations, 259 N.C. 681, 131 S.E.2d 425, 429 (N.C. 1963). This rule is certainly expansive enough to include the circumstance where the required spousal signature is not improperly acknowledged, but is entirely missing. Furthermore, registration of an instrument operates as notice only to the extent of the provisions found in the registration statutes. Chandler v. Cameron, 229 N.C. 62, 66, 47 S.E.2d 528, 531(N.C. 1948). Therefore, in this case, registration would have constituted notice if both spouses' signatures were inscribed on the document. N.C. GEN. STAT. §47-17. An individual searching title may have found the deed of trust, but without Mrs. Williams' signature, statutory provisions were not met and no notice was given. N.C. GEN STAT. § 39-13.6(a) is akin to a statute of frauds. Without the written joinder of both spouses, an attempted conveyance of entireties property is void.

The defendants further argue that reformation of the deed is appropriate. This argument also fails. Reformation is appropriate in instances of mutual mistake. Kirkhart v. Boardwalk Dev. Co., Inc., 72 B.R. 152 (Bankr. E.D.N.C. 1987)(*citing*, Durham v. Creech, 32 N.C. App. 55, 231 S.E.2d 163(1977)). The defendants rely on Ocwen Fin. Serv., Inc. v. Gilmore, a case which allowed reformation of a deed of trust. 284 B.R. 801 (Bankr. E.D.Va.. 2002). Mrs. Gilmore's signature, like Mrs. William's, was absent from the deed of trust. Differences exist, however, between Gilmore and the present case. On the first page of the Gilmore deed of trust was a

notation that Mr. Gilmore was "Joined by His Spouse Goldie J. Gilmore." Gilmore, 284 B.R. at 803. Thus, while Mrs. Gilmore failed to sign the deed of trust, the instrument recognized her as a party. Also, Mrs. Gilmore signed the settlement statement under the "borrower" signature line alongside her husband. Id. Her name and signature, therefore, were not absent from *all* documents. Furthermore, Mrs. Gilmore asserted she would sign the deed were she asked to do so. Id. at 805. The court found that all parties intended the loan to be secured by the Gilmores' property, and that the absence of Mrs. Gilmore's signature warranted reformation. Id.

Here, no mutual mistake existed. The mistake of one party alone, not induced by fraud of the other, affords no ground for relief by reformation. Parker v. Pittman, 18 N.C.App. 500, 504-505, 197 S.E.2d 570, 573 (N.C.App. 1973). And here, the parties entered into precisely the transaction that each intended. Mr. Williams asserted that he did not intend for his wife to be included on the deed of trust because she lacked income. Partial Transcript of Debtors' 341 Meeting Testimony at 4, Angell v. Echols, (Bankr. E.D.N.C. 2008). Although disclosing his marital status, he applied for the loan solely in his own name. The bank approved the loan to Mr. Williams individually, and drafted the deed of trust and note without any mention of Mrs. Williams. That the bank believed the language and execution of the deed of trust appropriately encumbered the real property is a unilateral mistake of law. A bare, naked mistake of law affords no grounds for reformation. Durham v. Creech, 32 N.C.App. 55, 60, 231 S.E.2d 163, 167 (N.C. App. 1977)(*citing* State Trust Co. v. Braznell, 227 N.C. 211, 41 S.E.2d 744 (N.C. 1947)). Failure to recognize that property held in tenancy by the entirety cannot be conveyed without both spouses' written joinder is a mistake of law solely attributable to the bank. The bank's general assertion that it "intended" for the transaction to be valid cannot excuse its

specific conduct to the contrary.  Reformation, therefore, is inappropriate.

Furthermore, North Carolina law has established that a deed may not be reformed when the rights of a bona fide purchaser have intervened.  Kirkhart v. Boardwalk Dev.Co., Inc., 72 B.R. 152 (Bankr. E.D.N.C. 1987)(*citing*, Hice v. Hi-Mil, Inc., 301 N.C. 647, 653, 273 S.E.2d 268 (1981); Durham v. Creech, 32 N.C.App. at 60, 231 S.E.2d at 167).  As a bona fide purchaser, the Trustee's rights in this case have intervened to prevent reformation of the deed. 11 U.S.C. § 544(a)(3).

The court finds that without both Mr. and Mrs. Williams' signatures, the deed of trust is void.  The instrument, therefore, did not encumber the entireties property; nor may it be reformed.  Thus, the trustee avoids the bank's secured claim.

## **CONCLUSION**

Based on the foregoing, the plaintiff's motion for summary judgement is GRANTED.


"END OF DOCUMENT"